IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANNEL MITCHELL, # R-07374,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16-cv-278-NJR |
| ) | |
| **JOHN BALDWIN, CHARLES PECK,** ) | |
| **CRAIG FOSTER, MR. WATSON,** ) | |
| **MAJOR PURITT, MAJOR GARRETT,** ) | |
| **MAJOR BANAL, LT. MORGAN,** ) | |
| **LT. SMITH, LT. CONRAD,** ) | |
| **LT. BAGART, SGT. SIMMONS,** ) | |
| **SGT. SMITH, SGT. WORKMAN,** ) | |
| **SGT. ROSENBERG,** ) | |
| **and CHRIS BUTKAUSKAS,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff is currently incarcerated at Shawnee Correctional Center ("Shawnee"), where he is serving sentences for two theft convictions. He submitted this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on March 13, 2016, while he was confined at Vandalia Correctional Center ("Vandalia"). He claims that Defendants have subjected him to cruel and unusual punishment. The complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.

28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal.

**The Complaint**

Plaintiff eloquently introduces his complaint by saying, "The pursuit of happiness is the foundation of the United States of America's Constitution, as well as the protection of its citizens

. . . ," and noting that his right to well-being continues while he is in prison (Doc. 1, p. 7). He asserts that Defendants have committed "acts of crimes of hate" toward him, and that they are "responsible for [his] recidivism" by neglecting his trial judge's orders to place Plaintiff in custody for "care, treatment, and rehabilitation" (Doc. 1, p. 8). Plaintiff notes that he has been to prison thirteen times, because he has been returned to society with nothing but $10.00 and a feeling of helplessness and hopelessness because his caregivers failed to treat and rehabilitate him.

The defendants named in this action include the Director and Deputy Director of the Illinois Department of Corrections (Defendants Baldwin and Peck, respectively); Vandalia Warden Foster and Assistant Warden Watson; Vandalia officers Puritt, Garrett, Banal, Morgan, Smith, Conrad, Bagart, Simmons, Smith, Workman, and Rosenberg; and Legal Liaison Butkauskas.

Plaintiff states that Defendants are aware that he suffers from psychological maladies, and that he is a young, gay African-American male. Defendants have "traumatized and injured" him by neglecting the manifestations of his HIV status (Doc. 1, p. 8). He closes by writing, "The Defendants ha[ve] exacerbated my condition physically, and mentally, I have been stressed-out, humiliated, embarrassed, felt/feel hopeless, & helpless this is cruel, and unusual punishment." *Id*. As relief, Plaintiff seeks monetary damages and to receive 180 days of "SCC" credit (Doc. 1, p. 9).

After he filed his complaint, Plaintiff filed an affidavit (Doc. 10) and several additional documents as exhibits (Docs. 12 and 14). In the heading of the affidavit, Plaintiff references not only this case, but three of his other pending cases (Nos. 16-cv-97 and 16-cv-238 in this Court, and Case No. 16-cc-2730 in the Illinois Court of Claims). He complains that some Defendants

have retaliated against him for filing the lawsuits he lists. Defendant Banal allegedly conducted a "retaliatory shakedown" on March 16, 2016 (three days after Plaintiff signed and submitted the instant complaint) (Doc. 10, p. 2).

The exhibit at Doc. 12 consists of twelve handwritten pages, which are identical to the statement of claim in Plaintiff's complaint in *Mitchell v. Foster, et al.*, Case No. 16-cv-97-MJR, which is now pending before this Court. The exhibits contained in Doc. 14 consist of several letters Plaintiff wrote to complain about the conditions of his confinement, responses from various agencies and officials, as well as another copy of the affidavit at Doc. 10, and two documents relating to Plaintiff's case filed in the Illinois Court of Claims (No. 16-cc-2730). In one of his letters, Plaintiff states that his thirteen incarcerations were mostly for retail thefts to support his addiction to crack cocaine and alcohol (Doc. 14, p. 13-14). He admits his own responsibility for his incarceration, but says he does not have the resources or knowledge to rehabilitate himself.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Plaintiff claims that Defendants' failure to rehabilitate him has caused him to commit other crimes and return to prison instead of returning to "a useful state of citizenship" (Doc. 1, p. 7). While the Court is sympathetic toward Plaintiff's desire and need to participate in rehabilitation programming (especially for drug/alcohol addiction), there is no constitutional right to obtain such services in prison. As such, the complaint fails to state a claim upon which relief may be granted, and it shall be dismissed.

It is well settled that there is no property or liberty interest in attending educational, vocational, or rehabilitative courses while in prison, and institutions are not constitutionally required to provide these programs to inmates. *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th

Cir. 2000) (prisoner had no Fourteenth Amendment due process claim for being transferred to a prison where he could no longer enroll in programs that might earn him earlier release); *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996); *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982), *cert. denied*, 459 U.S. 1150 (1983). Consequently, Plaintiff cannot maintain a substantive due process claim.

Likewise, Plaintiff does not have a viable Eighth Amendment claim for cruel and unusual punishment, based on his assertion that Defendants have failed to offer him rehabilitation opportunities, or that the conditions of his confinement have failed to restore him to useful citizenship. The Eighth Amendment prohibition on cruel and unusual punishment forbids unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Prison conditions that deprive inmates of basic human needs–food, medical care, sanitation, or physical safety–may violate the Eighth Amendment. *Rhodes*, 452 U.S. at 346; s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Two elements are required to establish a violation of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element–establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842.

Plaintiff's complaint has not described any deprivation of basic human needs during his incarceration that would implicate Eighth Amendment concerns. The inability to be rehabilitated

while in prison does not, contrary to Plaintiff's belief, violate the cruel and unusual punishment clause.

Plaintiff's later-filed affidavit and exhibits likewise do not state any viable claim. While the retaliatory shakedown described in the affidavit at Doc. 10 might form the basis for a civil rights claim, Plaintiff cannot bring that claim in this case. First, he cannot amend his complaint in a piecemeal fashion to include additional facts. Consistent with Federal Rule of Civil Procedure 8(a), all claims against all defendants must be set forth in a single document. Further, the March 16, 2016, shakedown incident he describes in the affidavit did not occur until after he filed this case. And Plaintiff cannot file a claim based on that event until he first exhausts his administrative remedies through the prison grievance procedure. 42 U.S.C. § 1997e(a).

The statement of claim presented in Doc. 12, as noted above, is a copy of the body of the complaint Plaintiff filed in his previous Case No. 16-cv-97-MJR. Those matters are being adjudicated in that case and in the cases that were severed from that action and shall not be addressed in this case.

The collection of documents in Doc. 14 does not add anything of substance to Plaintiff's complaint. This exhibit thus does not alter the Court's conclusion that the complaint fails to state a constitutional claim upon which relief may be granted.

**Disposition**

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this

action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:  August 8, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**